CARTER v. COLUMBIA AND GREENVILLE R. R. CO.

1. The defendant is entitled to a non-suit where there is a total failure of evidence to sustain the plaintiff's case; but if there is any testimony, the force and effect of which must be determined, the case should go to the jury.
2. In action for damages for the negligent killing of a man, a motion for non-suit upon the ground that the evidence adduced showed contributory negligence by the deceased, cannot be granted.
3. Negligence is the absence of due care, and must be proved by the party alleging it.
4. A railroad company is not liable in damages for the death of a man caused by the explosion of a torpedo with which he intermeddled while walking on the railroad track, and which had been placed there by the company as a danger signal to approaching trains.
5. A proposition charged by the Circuit judge may be made a ground of exception, but a failure to charge can be assigned as error only when a request so to charge is made and refused.
6. In refusing to charge that a man who walks upon a railroad track, except at a road crossing, does so at his peril, the Circuit judge committed no error.
7. Nor was there error in refusing to charge "that if the deceased was upon the track of the defendant without lawful authority, and using it for his own convenience, he was a trespasser, and that the company was under no obligation to take precautions against possible injuries to trespassers."
8. Where there is negligence on the part of the defendant, if the deceased, by the exercise of ordinary care, could have avoided the injury, and did not, he is the author of his own injury and cannot recover.
9. The judge is not called upon to separate a request to charge into parts, charging such as are sound, and rejecting such as are unsound. He may take it and consider it as a whole.
10. Contributory negligence is a matter of defense, and the burden of proving it is with the defendant.
11. In refusing to charge that, if the jury believed that the accident was caused by the effort of the deceased to open the torpedo which he found upon the railroad track, the verdict must be for defendant, the Circuit judge committed no error, as such a charge would have taken from the jury a matter which was for their determination, to wit: whether the alleged act amounted to contributory negligence.

Before WALLACE, J., Richland, April, 1882.

Action by Gibbes Carter, as administrator of Christopher Carter, deceased, commenced in February, 1882. The opinion sufficiently states the case.

*Messrs. Conner & Cheves,* for appellants.

The non-suit should have been granted. 13 *N. Y.* 9; *Thomp. Carr.* 168, 206, 215; 15 *Wall.* 524; 44 *Penn.* 375; 1 *Thomp. Negl.* 449; 11 *East* 60; 10 *Mees. & W.* 546; 2 *McMull.* 405; 8 *Rich.* 126; 6 *S. C.* 83; 3 *Com. B. (N. S.)* 150; 8 *Id.* 570; 4 *Hurlst. & N.* 781; 14 *Wall.* 448; 22 *Id.* 120; 94 *U. S.* 284; 5 *Rich.* 443. The refusal of the first request was error. *Gen. Stat.,* §§ 1518–20; 81 *Penn.* 366; 44 *Id.* 375; 31 *Gratt.* 812; 95 *U. S.* 697; 125 *Mass.* 75; 120 *Id.* 306; 58 *Barb.* 438; 41 *N. Y.* 530, 532; 66 *Id.* 247; 59 *Penn.* 129. As to the second request, counsel cited the same authorities.

*Messrs. Abney & Abney,* contra, cited 2 *Bailey* 321; 3 *S. C.* 9; 7 *S. C.* 144; 16 *S. C.* 636; 19 *Conn.* 507; 100 *U. S.* 214; 83 *Ill.* 405; 9 *Rich.* 90.

March 10th, 1883.    The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON.    The plaintiff's intestate, while walking on the track of defendant's railroad, picked up a small torpedo which he saw lying on the track. While he was examining this instrument (the character of which it seems was wholly unknown to him) it exploded, causing his death almost instantly. This action was brought by the plaintiff, his administrator, to recover damages, for the benefit of himself and of his wife, the father and mother of the deceased. The basis of the action is negligence on the part of the defendant, and this is charged in the complaint as follows, to wit: " That defendant wrongfully, neglectfully and carelessly placed on their track an explosive and dangerous instrument, commonly called a torpedo, and wrongfully, neglectfully and defaultingly left the torpedo on the track," &c.

The testimony of the plaintiff showed that the torpedo had been placed on the track on the morning of November 5th, 1881, the day on which the accident occurred, as a danger signal

to guard against collisions, and in accordance with the rules of the company prescribing and regulating such matters; that the deceased, with another person, who were on their way to Columbia from some point above, in order to save distance had left the highway, and was on the track at a point where, for years, all persons who desired to do so had been accustomed to walk the track or along a path on its margin; that at this point he discovered this torpedo, when he picked it up, saying to his companion, "We had better keep this, it might have money in it;" that the deceased had two axes upon his shoulder, and while his companion was looking the other way an explosion took place, the deceased falling with his head outside of the rail, and one of the axes just in front of him. The companion was unable to say whether the deceased was kneeling down examining the torpedo with his axe, or how or why the explosion took place.

Upon the close of this testimony the defendant moved for a non-suit on the ground of want of evidence to sustain plaintiff's alleged case, because, first, there was no testimony to support the charge of negligence; and, second, even if there was, yet plaintiff's testimony showed contributory negligence by the deceased; and, therefore, the alleged cause of action was wholly without foundation in evidence. This motion was refused, and the trial proceeded to a conclusion, the jury rendering a verdict for the plaintiff.

The defendant requested the presiding judge to charge certain legal propositions found below, which he declined, and the defendant has appealed, assigning error because the judge refused the motion for non-suit, and also declined to charge the propositions requested. These propositions were as follows:

1. "That the use of a railroad track is for its owners, and those acting under them, its employes; and, except at crossings where the public have a right of way, the man who walks upon a railroad track does so at his peril. If deceased was upon the track of the defendant without lawful authority and using it simply for his own convenience, he was a trespasser, and the company was under no obligation to take precautions against possible injuries to trespassers.

2. "That to entitle the plaintiff to recover he must prove

negligence in the defendant, and no want of ordinary care on the part of the deceased ; and even when there is negligence on the part of the defendant, if the deceased, by the exercise of ordinary care, could have avoided injury, and did not, he is the author of his own wrong and cannot recover. .

3. "That if the jury believe that the accident was caused by the effort of the deceased to open the torpedo, then he was the author of his own injury and cannot recover, and the verdict must be for the defendant."

The defendant also excepted " because his Honor did instruct the jury that ' want of due care upon the one side does not relieve the other ; ' and also ' if plaintiff exercised due care, and defendant did not, he is entitled to recover ; if defendant exercised due care, and plaintiff did not, he is not entitled to recover,' and failed to instruct the jury that if there was mutual negligence the plaintiff could not recover.

2. " Because his Honor, in the final clause of his charge, in effect limited the jury to the two issues only, of negligence on the part of the defendant and no negligence on the part of the deceased on the one hand, and of no negligence upon the part of the defendant on the other, and did not instruct the jury that there was a third issue, and that if there was negligence by the defendant, but that, nevertheless, the deceased, by the exercise of ordinary care, could have avoided the injury, then that the plaintiff was not entitled to recover."

We will consider first the exceptions founded upon the refusal of his Honor to grant the motion of non-suit. A non-suit is not only proper but it is the legal right of the defendant where there is a total failure of evidence to sustain the plaintiff's case, as alleged in the complaint. If the plaintiff has introduced any testimony, the force and effect of which has to be considered, then the case must go to the jury, because under our system of judicature the jury is the only constitutional tribunal authorized to weigh testimony. But in every case there may be a preliminary question, which is addressed to the judge, to wit : Has any testimony been introduced bearing upon the points at issue ? If so, there is nothing left for the judge but the legal points involved, and the facts must be submitted to the jury ; if not, however, a

non-suit is proper. *Holley* v. *Walker*, 7 *S. C.* 144; *Miller* v. *Bolt*, 16 *S. C.* 636; *Boykin* v. *Watts*, 6 *S. C.* 83.

Now the gist of this action is negligence on the part of the defendant. This was alleged in the complaint, and to entitle the plaintiff to go to the jury on that question it was necessary before the defense was put to proof, for the plaintiff to make out at least a *prima facie* showing. The defendant denies, first, that such showing was made; and, second, that if made it was over-thrown by the additional testimony of the plaintiff proving contributory negligence by the deceased.

We do not think that this second ground could have been considered by the judge. That involved a question of fact, the truth of which depended upon the force and effect of the evidence touching that question, and before the judge could have reached the conclusion that contributory negligence by the deceased appeared, he would have been compelled not to consider simply whether any testimony had been offered upon that subject, but whether the fact had been made out that the testimony was sufficient in its force and effect to establish it. This would have been invading the province of the jury, and therefore unwarranted in this State under our constitution. Elsewhere the cases are conflicting.

This exception then must stand or fall upon the first ground. Was there a total failure by plaintiff to make out a *prima facie* case of negligence by defendant? It may be said in general terms that negligence, legally understood, is the "absence of due care." The presiding judge thus defined it below, and the doctrine is so familiar that this definition may be adopted without citing authorities. In a special case it is the absence of such care as the business or matter producing the injury may demand, and the party in charge bound to bestow, out of due regard to the rights of others. This being a material fact, indeed, the essential fact in all actions like the present, it must be proved affirmatively by the plaintiff.

Now let us examine the evidence introduced by the plaintiff in this case, under the light of these principles, with the view to determine whether there was any testimony bearing upon this point. The testimony offered by the plaintiff has been briefly

stated above, and there is no controversy as to the points to which it was directed. It was intended to show, and did show, that the torpedo was placed on the railroad track by the defendant; it showed that this railroad track was the exclusive property of the defendant; that this torpedo was placed at the point where the deceased discovered it, as a danger signal, under established regulations, made deliberately by the company; that the deceased, while traveling through the country, made use of the track as a road upon which to walk, not by any express permission of defendant, but by its sufferance, arising from the fact that others had for years been in the habit of thus using it; that he found this torpedo, of the nature of which he was entirely ignorant, loose upon the track; that he picked it up and examined it, saying that "there might be money it." His mode of examination is unknown, whether by striking it with an axe or otherwise, but it exploded and caused his death.

This is the testimony as admitted by both sides. Is any portion of it pertinent to the issue of negligence? or do the facts thus proved evolve, as a legal conclusion, this negligence? There is certainly no affirmative testimony that there was an absence of due care by the defendant in placing this torpedo upon its own track. There was none directed to the point, that due care required the company to place it at one point more than another, or that it should be left at the one side more than another, or loose upon the track, so far as outsiders were concerned. The defendant did nothing but place a torpedo upon its track, and, as it appears, for a commendable purpose. We do not find a particle of affirmative testimony reported in the "Case" tending to show that this was done without due care. The remaining testimony was intended to show what part the unfortunate deceased took, and it has no direct reference to the negligence of the defendant.

Now take the facts as a whole on the plaintiff's showing, and should negligence by defendant follow *prima facie* as a legal conclusion therefrom, independent of any direct testimony upon this question? We think not. The railroad track belonged to the defendant; it certainly had the right to take every reasonable precaution to prevent collisions. There was no evidence that

the torpedo was extraordinarily explosive; no evidence that an accident had ever occurred before in the use of such instruments; no evidence that the company might have anticipated a fatal result like this; no evidence that the torpedo was so explosive and so dangerous as reasonably to require of the defendant a notice to the public that it was being used; no evidence that the deceased had been authorized by the company to make use of its track as a highway, or that they positively knew that it was being so used. In fine, no evidence except the naked facts that the defendant had placed the torpedo upon its track for a good purpose, and that the deceased, by intermeddling with it for a bad purpose, had brought upon himself the terrible calamity which resulted from its explosion.

We think, that at the close of plaintiff's case below, there was a total want of testimony as to the defendant's negligence, the gist of the action, and, therefore, the non-suit should have been granted; and, in such case, under the ruling of *Sampson & Wyatt* v. *Singer Manufacturing Co.*, 5 *S. C.* 465, and *Willis* v. *Knox*, 5 *S. C.* 476, a new trial is proper.

As to the two last exceptions in which error is assigned, because the presiding judge failed to charge that there was a third class, in addition to the two presented by him to the jury, to wit, a class where there is mutual negligence. We do not feel at liberty to consider these exceptions, because the proposition insisted upon, though perhaps sound as a legal principle, was not brought to the attention of the judge. A proposition charged by the judge may be made the ground of exception, but a failure to charge can only be made so when a request is made, and it is refused by the judge. *Abrahams* v. *Kelly & Barrett*, 2 *S. C.* 238.

The last matter to be considered is, the refusal of his Honor to charge the three propositions requested by the defendant, and found above. We do not think that the refusal of the judge to charge these propositions as stated, was such error as to constitute substantial ground for exception. No doubt that the use of a railroad track is for its owners, and those acting under them, except at crossings, where the public have a right of way, as stated in the first part of the first request. *Mulherrin* v. *Dela-*

*ware, &c., R. R. Co.,* 81 *Pa.* 366 ; *Philadelphia & Reading R. R. Co.* v. *Hummell,* 44 *Pa. St.* 375 ; 1 *Thomp. Negl.* 457. But it does not follow universally, and in every case, that a man who walks upon a railroad track, does so at his peril, as to all dangers which he may encounter and under all circumstances.

As an illustration : Suppose in this instance, the defendant, knowing that its track was being trespassed upon by parties unauthorizedly appropriating it as a track or road to walk upon, and to break up this use, had placed a dangerous explosive instrument thereon, likely to explode from mere contact, which was concealed from view, with no notice or advertisement to the public of the facts, and a traveler, though technically a trespasser, had been injured thereby, could it be claimed as a legal proposition that, under such circumstances, the company would be exempt from liability ? We think not.

So, too, although the second part of the request may have been good technical law, to wit : " That if the deceased was upon the track of the defendant without lawful authority, and using it for his own convenience, he was a trespasser, and the company were under no obligation to take precautions against possible injuries to trespassers ;" yet this principle could not have shielded the defendant from such injury as may have been produced by its negligence, if any, in every case without exception. It would, no doubt, require a much stronger case to make out negligence as to a trespasser than is required in ordinary cases, but we have found no case which goes to the extent of declaring that a trespasser has no protecteon. 2 *Thomp. Negl.* 1162, *in notis.*

The general rule is, perhaps, as defendant requested, but it is subject to several modifications. It does not exempt from liability the owners of lands who permit pitfalls and obstructions to remain on them so near the highway that, when combined with the ordinary accidents of travel, they result in injury to travelers. There is a class, too, of cases, where such proprietors are held liable for injuries to children, although trespassing at the time, because, from the peculiar nature and open and exposed position of the dangerous defect or agent, the owners should reasonably anticipate such an injury. And there are other similar cases

where the general doctrine above does not apply in full. 1 *Thomp. Negl.* 304, and the cases cited in the notes. In such cases the question of negligence is still open, and it is for the jury. We think, therefore, it would have been error in the judge to have charged broadly, and without the proper qualification, the proposition requested.

Nor do we think the second request could have been charged in full. The latter portion is, no doubt, sound law, to wit: " That even where there is negligence on the part of the defendant, if the deceased, by the exercise of ordinany care, could have avoided the injury, and did not, he is the author of his own injury, and cannot recover." This is nothing more than the well-established principle, that where there is contributory negligence on the part of the injured party to the extent of its being one of the proximate causes of the injury, then the courts will not undertake to graduate or apportion the damages according to the contribution from either side, but will leave the matter as they find it. *Gunter* v. *Graniteville Manufacturing Co.*, 15 *S. C.* 443, and the cases there cited.

If this had been a distinct request, made by itself, it would have been error to refuse it. In fact, as we read the charge in one portion, it was distinctly laid down, though, to some extent, subsequently modified, or rather left out. But the objection to the request is, that it incorporated several propositions, all of which could not be charged, and the rule is that the judge is not called upon to disintegrate the request and take it up in its several parts, charging such as are sound, and rejecting the unsound. On the contrary, he takes it as a whole, and considers it as a whole. Here, this request embraced, in addition to the one just discussed, the following also, to wit: That to entitle the plaintiff to recover, he must prove negligence in the defendants, and no want of ordinary care on the part of the deceased. In other words, that the plaintiff's cause of action rested in the first instance, not simply upon the negligence of the defendant, but also upon the exercise of due care upon the part of the deceased, and that the burden of proof, as to both of these elements, was upon the plaintiff.

It is a general rule that the burden of proof is upon the

party who maintains the affirmative of the issue. In other words, he who asserts a fact necessary to sustain an action must prove it; and he who asserts one which is to bar the action must also prove it. Mr. Thompson, on Negligence, states that in applying this rule to actions where it is sought to recover for an injury on the ground of negligence, the authorities are not in accord. Generally, contributory negligence, on the part of the plaintiff, will bar a recovery, and it would seem, therefore, to be a matter of defense, and that it would devolve upon the defendant to prove it. 2 *Thomp. Negl.* 1175. While, as Mr. Thompson says, the decisions in the different States are not uniform upon this question, nor, indeed, upon many of the questions involved in this interesting subject, to wit, the liability of railroads and other companies for injuries, a subject that is daily growing more and more important, yet the current of the decisions is strongest in favor of the proposition that contributory negligence is a matter of defense, and the burden of proving it is with the defendant. 2 *Thomp. Negl.* 1176–77, *in notis.*

The defendant excepts, lastly, because the judge declined to charge that, if the jury believed the accident was caused by the effort of the deceased to open the torpedo, then the verdict should be for the defendant. As we have already stated, where the plaintiff has contributed to the accident to the extent of furnishing a proximate cause thereof, the defendant is exempt from liability as matter of law, and the judge could so charge; but whether a particular fact, if proved, shall amount to such contribution, is a matter for the jury and not for the court. What is negligence is defined in the books, and is a question of law, and it is the same whether it comes from the defendant or the plaintiff; but whether it is proved to be present in a special case is a question of fact for the jury.

The law holds that the want of due care is negligence. This much the judge can legitimately charge, but whether a particular fact, if proved, shows the want of due care, is for the jury acting upon all the evidence introduced. The objection to the exception is that it requested the judge to decide the effect of a certain fact assumed to be proved upon the issue which was before the jury, and which issue under the law they alone could

determine. Under this view we think the judge was not in error in declining to charge the proposition as stated.

For the reasons given, we think the non-suit should have been granted, and its refusal below, under the cases of *Sampson & Wyatt* v. *Singer Manufacturing Co.*, 5 *S. C.* 465, and *Willis* v. *Knox*, 5 *S. C.* 476, *supra*, now rendering a new trial proper; to this end it is the judgment of this court that the judgment of the Circuit Court be reversed.